**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| RONDI F.,[1] Plaintiff, | CIVIL NO. 3:23-CV-01670 |
| v. | (LATELLA, M.J.) |
| FRANK BISIGNANO, Defendant. | |

**MEMORANDUM**

Before the Court is a "Motion for Attorney's Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b)," filed by Plaintiff, Rondi F. (Doc. 30). For the reasons set forth herein, Plaintiff's Motion will be granted.

## I. Background

On November 17, 2025, we entered a Memorandum and Order vacating the Commissioner's decision in this matter and remanding it for further consideration. (Docs. 22, 23). On January 15, 2026, we

[1] To protect the privacy interests of plaintiffs in social security cases, we have adopted the recommendation of the Judicial Conference of the United States that federal courts should refer to plaintiffs in such cases by their first name and last initial. *See Tammy H. v. Frank Bisignano, Commissioner of Social Security*, No. 1:24-cv-00838, Docket No. 19 at n.1 (M.D. Pa. Aug. 27, 2025).

approved a Consent Order of $7,500.00 in attorney fees to Plaintiff's Counsel under the Equal Access to Justice Act ("EAJA"). (Doc. 29). The Commissioner issued Plaintiff a Notice of Award on July 27, 2026, providing $163,502.90 in retroactive Social Security disability payments. (Doc. 31 at 1 n.1).

Plaintiff filed a "Motion for Attorney's Fees Pursuant to the Social Security Act, 42 U.S.C. § 406(b)" on August 3, 2026 (Doc. 30), to which the Commissioner responded on August 10, 2026 (Doc. 32). Plaintiff's Counsel seeks an award of attorney fees of 25% of Plaintiff's retroactive benefits, which "represents the contractual contingency fee of 25% of past-due benefits." (*Id.* at 1-2).

The Social Security Administration takes no position regarding this Motion, other than noting that, in a case such as this, where plaintiff's counsel has received a fees award under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant, a point that Plaintiff's Counsel does not dispute. (Docs. 32 at 2-3; Doc. 31 at 5-6). We must now consider the reasonableness of Counsel's proposed fee award.

## II. Legal Standard

Section 406(b) of the Social Security Act provides:

> **(b) Fees for representation before court**
>
> **(1)(A)** Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406 (b)(1)(A). This provision "recognizes an immutable truth: 'the marketplace for Social Security representation operates largely on a contingency fee basis.'" *Mack v. Bisignano*, No. 1:22-CV-1629, 2025 WL 4788061, at *1 (M.D. Pa. June 9, 2025) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 804, 122 S. Ct. 1817, 1826, 152 L. Ed. 2d 996 (2002)). The Supreme Court has acknowledged the economic risk assumed by counsel in agreeing to represent these types of claimants, and explained:

> § 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases.

> Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. § 406(b)(1)(A) (1994 ed., Supp. V). Within the 25 percent boundary, ... the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht*, 535 U.S. at 807 (footnotes omitted).

In evaluating the reasonableness of a contingent fee in a Social Security case, we are instructed to take into account, "the overall complexity of the case, the lawyering skills necessary to handle it effectively, the risks involved, and the significance of the result achieved in district court." *Mack*, 2025 WL 4788061, at *2 (quoting *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005)).

## III. Discussion

Here, taking into consideration the amount of time Counsel spent on the case, the result achieved for Plaintiff, the nature of contingent fees, and the risk of non-recovery, the Court concludes that Counsel's fee request is reasonable and falls within the twenty-five percent statutory maximum allowed by Section 406(b).

Initially, we note that contingency fee arrangements with counsel for fees totaling twenty-five percent of any past due benefits award are

typical in Social Security appeals and fall within the statutory cap endorsed and prescribed by Congress. *See Bowman v. Bisignano*, No. 1:23-CV-837, 2025 WL 4069923, at *2 (M.D. Pa. Nov. 21, 2025); *see also* 42 U.S.C. § 406(b).

Second, we acknowledge that counsel secured a significant result for Plaintiff following many years of litigation, beginning in 2018, which included representing plaintiff in three separate hearings and bringing this matter to the District Court on three occasions, securing a remand in each case. Thus, Counsel's effort in this matter was substantial and this is the type of skilled, committed representation that a contingent fee arrangement is designed to achieve. *See, e.g.*, *Fields v. Kijakazi*, 24 F.4th 845, 855 (2d Cir. 2022) (court determined fee award did not constitute a windfall noting that counsel represented the plaintiff during multiple hearings and appeals).

Further, we have considered counsel's experience level and time devoted to this litigation. Counsel indicates that he devoted 39 hours to this matter. Twenty-five percent of Plaintiff's retroactive Social Security disability benefits is $40,875.73, providing an imputed hourly rate of $1,048.10. Counsel notes that "the requested fee would result in

an effective imputed hourly rate which is less than twice counsel's non-contingent rate as set by the Adjusted Laffey Matrix." (Doc. 31 at 3 n.4). We do not find this reference useful in our analysis as the Laffey Matrix "provides billing rates for attorneys in the Washington, D.C. market with varying degrees of experience." *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 426 F.3d 694, 708 (3d Cir. 2005), *as amended* (Nov. 10, 2005). As Counsel practices in Trevose, Pennsylvania, approximately 160 miles from Washington, D.C., such rates would not be applicable. And even if such rates did apply, Counsel fails to include sufficient information to ascertain where he would fall within that Matrix.

However, we nevertheless find that this fee award would not create a windfall. In *Mack*, the Court approved an award of $37,345.25 under Section 406(b). 2025 WL 4788061, at *3. The Court noted the imputed rate of $982.77 and added that the reasonableness of the award was further illustrated upon consideration of the fact that EAJA fees would be reimbursed to Plaintiff. *Id.* at *2. Here, Counsel indicates that $13,703.00 in EAJA fees previously awarded will be reimbursed to Plaintiff upon an award of fees under Section 406(b).

(Doc. 31 at 5-6). When the requested fee of $ 40,875.73 is reduced by $13,703, the imputed hourly rate decreases to $696.74.

Further, we note that courts have found reasonable effective imputed hourly rates far greater than those sought here. *See, e.g.*, *Fields*, 24 F.4th at 854-56 (awarding effective hourly rate of $1,556.98 to counsel); *James C. v. Commissioner of Social Security*, No. 1:20-cv-01008, 2023 WL 8014383 (W.D.N.Y. Nov. 20, 2023) (awarding fee of $40,939.98 where counsel spent 20 hours on case resulting in imputed hourly rate of $2,047.00); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W.Va. 2003) (finding fees with an imputed hourly rate of $1,433.12 reasonable). Here, as discussed *supra*, Counsel secured a significant favorable result for Plaintiff after years of skillful litigation. We find the requested fee award reasonable.

## IV. Conclusion

For the reasons set forth herein, we will order authorization of attorney's fees under the Social Security Act, 42 U.S.C. § 406(b), in the amount of $40,875.73 and direct that upon receipt of these funds,

Counsel shall refund to Plaintiff $13,703.00, which Counsel was previously paid pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated: September 2, 2026

s/ Leo A. Latella
**LEO A. LATELLA**
**United States Magistrate Judge**